IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) GREAT AMERICAN INSURANCE COMPANY, an Ohio Corporation<br><br>Plaintiff,<br><br>v.<br><br>(1) DOLESE BROS. CO., an Oklahoma Corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. CIV-23-01013-R<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Before the Court is Defendant Dolese Bros.' Motion to Strike Certain Statements Made by Plaintiff Great American Insurance Company [Doc. 28]. The Court has considered Plaintiff's Response [Doc. 34] and Defendant's Reply [Doc. 36], and the matter is at issue. The Motion to Strike is DENIED.

Dolese takes issue with statements made by Great American in Great American's Response Brief [Doc. 18] to Dolese's pending Motion to Dismiss and/or Decline Jurisdiction [Doc. 10]. Specifically, Dolese claims certain statements by Great American are flatly inconsistent with positions held by Great American in parallel state court proceedings between the parties. Doc. 28 at 6. Dolese moves the Court to strike these inconsistent statements from Great American's brief under a theory of quasi-estoppel. *Id.*

The Court cannot do so. "The court may strike *from a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f) (emphasis added). The Rules define pleadings as some form of either a complaint or

an answer. *See* FED. R. CIV. P. 7(a). "Generally, therefore, motions, briefs, and memoranda may not be attacked by a motion to strike." *Ysais v. New Mexico Jud. Standard Comm'n*, 616 F. Supp. 2d 1176, 1184 (D.N.M. 2009) (citing *Searcy v. Soc. Sec. Admin.*, 956 F.2d 278, 1992 WL 43490 at *2 (10th Cir. March 2, 1992)); 5C Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380 (3d ed.) ("[M]otions, affidavits, briefs, and other documents outside pleadings are not subject to Rule 12(f).").

Beyond the inability under Rule 12(f), Dolese's chief complaint is now functionally moot. Great American's Renewed Motion to Dismiss, Strike or Sever Dolese's Third-Party Claim—the source of its allegedly inconsistent statements made in the state court proceedings—was denied by the state court on May 13, 2024. Doc. 34 at 3; Doc. 36-2. Thus, Great American does not currently stand to benefit from allegedly inconsistent positions in the different proceedings, so quasi-estoppel is an ill-fitting theory. *See Robinson v. Am. Airlines, Inc.*, 743 F. App'x 233, 237 (10th Cir. 2018). Dolese's Motion to Strike is DENIED.

**IT IS SO ORDERED** this 5th day of June 2024.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE