IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) GREAT AMERICAN INSURANCE COMPANY, an Ohio Corporation | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-23-01013-R |
| (1) DOLESE BROS. CO., an Oklahoma Corporation, | ) ) ) | |
| Defendant. | ) ) ) | |

## ORDER

Before the Court is Defendant Dolese Bros.' Motion to Dismiss and/or Decline Jurisdiction [Doc. 10]. The matter has been fully briefed [Doc. 18, 22, 27]. However, it is in the best interest of managing the Court's docket to enter a STAY in this case, due to ongoing litigation between the parties in state court.

This Court remanded an underlying state case between the parties to state court on March 26, 2024, emphasizing that it was the state court's role to determine whether Dolese's third-party action—which encompasses the same issues addressed by Great American's Complaint in this case—was proper. *Witte v. Dolese and Dolese Bros. Co.*, No. 23-cv-1194 (W.D. Okla. Mar. 26, 2024), Doc. 20 at 9 ("Thus, the Court finds the interests of comity and federalism are better served by remanding the case to state court for a determination on whether Dolese's third-party petition should be severed from the underlying action."). There, Great American renewed its motion to dismiss or sever Dolese's third-party claims against it. On May 13, 2024, that motion was denied. Doc. 36-

2. However, Great American is now seeking a writ from the Oklahoma Supreme Court to require dismissal of Dolese's state claim pending in the District Court of Cleveland County. Doc. 38. A hearing is scheduled for July 9, 2024, but it is unknown when the matter will be resolved.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Given the potential impact the Oklahoma Supreme Court's ruling will have on this Court's analysis of Dolese's Motion, the Court finds it proper to stay the case at this time. A stay is "the preferable course because it assures the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 n.2 (1995).

Thus, proceedings in this case are STAYED pending resolution of the matter before the Oklahoma Supreme Court. Parties are directed to promptly notify the Court as to the outcome of the requested writ. If no decision has been issued, parties are to provide a status report to the Court by September 6, 2024.

**IT IS SO ORDERED** this 6th day of June 2024.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**