## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GREAT AMERICAN INSURANCE COMPANY, an Ohio Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. CIV-23-1013-R |
| DOLESE BROS. CO., an Oklahoma Corporation; and JENNIFER WITTE, as Personal Representative of the Estate of Neil Perry Witte, deceased, a citizen of Oklahoma, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

Before the Court is Defendant Dolese Bros. Co.'s Motion to Dismiss and/or to Decline Jurisdiction [Doc. 10] over Plaintiff Great American Insurance Co.'s Complaint for Declaratory Judgment [Doc. 1]. This matter was stayed pending resolution of Great American's petition to the Oklahoma Supreme Court as part of the State Litigation seeking an extraordinary writ to prevent the state district court from hearing Dolese's Third-Party Petition [Doc. 39]. The Oklahoma Supreme Court denied Great American's request [Doc. 41-1]. Accordingly, this Court may now revisit the present Motion, which has been fully briefed by the parties [Docs. 18, 22, 27] and is ripe for review. For the reasons set forth below, Dolese's Motion is GRANTED.

## I.    Background

This case stems from a wrongful death action filed in the District Court of Cleveland County, Oklahoma ("State Litigation").[1] Dolese was the only named defendant in the State Litigation and held multiple insurance policies, including a policy with Great American [Doc. 10, at p. 2]. Under Dolese's insurance arrangement, Great American was a secondary insurer—that is, its obligations would only trigger upon the exhaustion of the limits of Great American's primary insurer, Travelers [Doc. 10, at p. 3].

As trial approached, the likelihood of an adverse judgment against Dolese became increasingly likely [Doc. 18-6, at p. 4]. Accordingly, Dolese's counsel escalated negotiations with the plaintiff's counsel regarding a "High-Low" agreement (the "Agreement") that would set both a ceiling and a floor on Dolese's liability [Doc. 18-6, at pp. 1-3].

Throughout the negotiations period, Dolese's counsel informed the insurance carriers of both the status of negotiations, as well as the opinion that the Agreement was necessary to avoid a significant damages award [Doc. 18-6, at p. 2]. Great American never agreed to the terms proposed by the parties [Doc. 18-3]. Left with little time, Dolese entered into the Agreement with the plaintiff without Great American's consent [Docs. 18-1, 18-3]. Per the terms of the Agreement, Dolese's liability was set at a minimum of $2 million and a maximum of $20 million, and the rights to a jury trial and appeal were waived [Doc. 18-1].

---

[1] *Jennifer Witte, as Personal Representative of the Estate of Neil Percy Witte, Deceased v. Dolese, et al.*, Case No. CJ-2020-54.

In the bench trial that followed Dolese was found liable, and the trial judge awarded the plaintiff $58.8 million [Doc. 18, at p. 1]. While this award was capped at $20 million pursuant to the Agreement, it was sufficient to trigger Great American's indemnification responsibilities under the policy [Doc. 18, at pp. 1-2]. Later that day, Great American filed this action seeking a declaration that Dolese's consummation of the Agreement without its consent was a breach of contract that absolved it of its duty to indemnify [Doc. 18, at p. 2].

Following Great American's filing, Dolese sought leave from the state court to file a third-party petition in the original State Litigation, which was granted [Doc. 10, p. 5]. Shortly thereafter, Dolese filed its Third-Party Petition against Great American in state court under two theories. First, Dolese alleged that Great American breached its contract by failing to indemnify Dolese for the portion of the judgment that fell within its policy limits. Second, Dolese claimed that Great American breached its duty of good faith and fair dealing by refusing to consent to the Agreement [Doc. 22-1]. Dolese then filed the present Motion requesting this Court decline jurisdiction over the Declaratory Action due to the pending status of the Third-Party Petition in state court [Doc. 10, at p. 1].

Meanwhile, Great American removed the Third-Party Petition to this Court, but the action was remanded for procedural deficiencies [Doc. 18-4]. In response, Great American filed an extraordinary writ with the Oklahoma Supreme Court to require dismissal of Dolese's Third-Party Petition, which was denied [Docs. 38, 41-1].

## II.     Legal Standard

"[A]ny court of the United States…may declare the rights and other legal relations of any interested party seeking such declaration[.]" 28 U.S.C. § 2201(a). However, a

"district court is not obliged to entertain every justiciable declaratory judgment claim brought before it." *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 982 (10th Cir. 1994). Rather, "[w]hether to entertain a justiciable declaratory judgment action is a matter committed to the sound discretion of the trial court. *Kunkel v. Cont'l Cas. Co.*, 866 F.2d 1269, 1273 (10th Cir. 1989).

In determining whether to hear a declaratory judgment action, a court should ask whether a judgment would "(1) clarify or settle the legal relation in issue and (2) terminate or afford relief from the uncertainty giving rise to the proceeding." *Id*. at 1275 (internal citations omitted). If the answer to both inquiries is "yes," the case should proceed; if not, the trial court should decline jurisdiction. *Mhoon*, 31 F.3d at 983. While these two questions act as the lodestar for a court's determination, more probing is required. As set forth in *Mhoon*, when deciding whether to exercise or to decline jurisdiction, the trial court must consider the following factors:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*Id*. (internal citations omitted).

### III.    Discussion

### A.  Whether a Declaratory Action Would Settle the Controversy

This dispute has two distinct parts. The first part is Great American's Declaratory Action seeking a declaration that Dolese breached the contract by entering into the

Agreement without Great American's consent, and thus Great American is not required to indemnify Dolese [Doc. 1, at p. 5]. The second part is Dolese's Third-Party Petition in state court which claims that Great American is in breach of contract for failure to pay the portion of the judgment covered by its policy, as well as that Great American violated the duty of good faith and fair dealing when it refused to consent to the Agreement [Doc. 22-1].

A declaratory judgment by this Court would settle only one of the two parts. A declaration that Great American either is or is not responsible for the portion of the judgment would settle the breach of contract portion of the dispute in both the Declaratory Action and the Third-Party Petition. However, this determination would do nothing to settle the second—and wholly separate—bad faith claim in the Third-Party Petition. The bad faith claim has no relation to whether Dolese breached the contract by entering into the Agreement without Great American's consent. Instead, it focuses on whether Great American breached its duty of good faith and fair dealing when it refused to consent to the Agreement [Doc. 22-1, at ¶¶ 31-39]. Thus, resolution of the issue presently before the Court would not "settle the controversy," because the bad faith claim would remain outstanding. Regardless of the decision of this Court, the State Litigation would continue. Accordingly, the first factor weighs in favor of declining jurisdiction.

## B. Whether a Declaratory Action Would Serve a Useful Purpose in Clarifying the Legal Relations at Issue

Contrary to the conclusion above, a declaratory judgment by this Court would clarify some of the legal relations at issue. If this Court were to declare that Great American

had no responsibility to indemnify Dolese for the judgment, then Dolese's breach of contract action would be resolved. The same would be true if this Court found the opposite. Thus, while a declaratory judgment from this Court would do nothing to resolve the pending bad faith claim, it would clarify the legal issue of breach of contract and indemnification responsibilities. Therefore, the second factor weighs in favor of retaining jurisdiction.

### C. "Procedural Fencing"

Dolese argues that Great American participated in procedural fencing when it filed this action on the day that the state court entered its judgment in the State Litigation [Doc. 10, at p. 2]. In support, it points to *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167 (10th Cir. 1995) [Doc. 10, at pp. 9-11]. The relevant facts of *Runyon* are as follows:

> "Mr. Runyon asked St. Paul to provide a defense for him, but St. Paul refused…After three years of haggling, Mr. Runyon informed St. Paul that if it would not assume his defense, he would initiate a suit in state court for breach of contract and bad faith by February 18th, 1994. On February 17th, 1994, St. Paul filed a diversity action for declaratory judgment. As promised, Mr. Runyon proceeded with his bad faith and breach of contract suit against St. Paul in state court the next day."

*Id.* at 1168. The *Runyon* Court found procedural fencing, because "St. Paul knew Mr. Runyon was going to file the state court action; St. Paul knew the date Mr. Runyon was going to file the action; and St. Paul waited three years before it sought the declaration." *Id*. at 1170.

The present dispute is distinguishable from *Runyon*. Unlike the insured in *Runyon*, Dolese gave no explicit notice of a scheduled date for a lawsuit. Rather, it gave its opinion

that Great American was in breach of its duties for not agreeing to the Agreement [Doc. 18-6, at p. 1]. There was neither a date of suit nor a representation that a suit would be filed.

Moreover, the timing of Great American's declaratory action differs from that of the carrier in *Runyon*. Instead of waiting three years and then filing the day before the insured threatened to file suit, Great American brought its action on the day the verdict in the State Litigation was entered. While Dolese points to this timing as evidence of procedural fencing, it is in fact the opposite. Great American learned that Dolese entered into the Agreement the day prior to trial [Doc. 18-3], which is the basis of its claim. It filed its lawsuit within a matter of days of discovering it had a claim, rather than the day before threatened litigation.

Additionally, while Great American may have anticipated that Dolese would file its own action for breach of contract and/or and bad faith, it was reasonable to anticipate that such action would be filed separately from the State Litigation, and thus readily removable to this Court. Thus, Great American's conduct was neither a nefarious filing in search of a more favorable forum, nor was it a race to res judicata. Accordingly, the third factor favors retention.

### D. Federalism and Federal-State Comity

In *Runyon*, the Tenth Circuit advised that

"[a]lthough the federal court is not required to refuse jurisdiction, it 'should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding.' No error is revealed in the district court's decision to defer to the state court to apply state law and thus refuse jurisdiction."

*Runyon*, 53 F.3d at 1170 (internal citations omitted). Additionally, in *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942) the United States Supreme Court counseled that "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." *Brillhart*, 316 U.S. at 495. The Court noted that "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Id*.

This action presents a declaratory judgment suit while another suit is pending in state court. The suit in state court presents the same issues regarding breach of contract and interpretation of the insurance contract between Dolese and Great American that will require determination by whichever jurisdiction hears the action—that is, whether Dolese violated its insurance contract with Great American when it entered into the Agreement without Great American's consent. Moreover, the state court action involves the same parties as the present action, and in both cases, state law will govern the outcome.[2]

Under the facts presented here, the guidance of *Brillhart* and *Runyon* is applicable. The state court is in the best position to interpret Oklahoma law and to resolve the identical factual disputes between the parties. Accordingly, the fourth factor heavily weighs in favor of declining jurisdiction.

### E.  Whether There is an Alternative Remedy Which is Better or More Effective

---

[2] *Nautilus Ins. Co. v. Kringlen*, No. CIV-11-132-D, 2011 WL 5326260, at *4 (W.D. Okla. Nov. 3, 2011) ("The interpretation of the terms of an insurance policy is governed by state law and basic rules of contract interpretation.") (internal citations omitted).

This Court has already determined that Dolese's Third-Party Petition is not removable.[3] As established by the analysis of the fourth *Mhoon* factor above, the state court is in a better position to hear the substance of the present dispute. Accordingly, any remedy crafted by this Court other than refusal of jurisdiction would constitute an encroachment upon the state court's arena of interpreting state law. Therefore, the fifth and final factor weighs in favor of declining jurisdiction.

## IV.     Conclusion

As established in the above, because any declaratory judgment ordered by this Court would not settle the controversy, as well as the fact that retention of jurisdiction would impede upon principles of federal-state comity and judicial economy, the Court DECLINES jurisdiction over this matter, and Dolese's Motion is GRANTED.

IT IS SO ORDERED this 3rd day of October, 2024.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[3] No. CIV-23-1194-R, 2024, at Doc. 20.